**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SCOTTIE MORRISON,

         Plaintiff,

   - v -              Civ. No. 9:14-CV-0800
                     (GTS/DJS)

ROBERT LOWRY, *et al.*,

          Defendants.

**APPEARANCES:**           **OF COUNSEL:**

SCOTTIE MORRISON
Plaintiff, *Pro Se*
99-A-0470
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN      LOUIS JIM, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

   On July 2, 2014, *pro se* Plaintiff Scottie Morrison commenced this action, pursuant to 42 U.S.C. § 1983, asserting claims arising out of an incident that occurred at Great Meadow Correctional Facility on June 20, 2013. Dkt. No. 1, Compl. Plaintiff's Amended Complaint was accepted for filing by the Court on June 19, 2015. Dkt. No. 50, Am. Compl. Plaintiff asserts Eighth Amendment excessive force claims against Defendant Correctional Officers Timothy Lemery, Sean Baxter, and Kory Copeland, and a claim for failure to intervene against Defendant Sergeant Robert

Lowry. *Id.* Presently before the Court is Plaintiff's Motion for Summary Judgment, which Defendants have opposed. Dkt. Nos. 66, Pl.'s Mot. Summ. J.; 80, Defs.' Resp. For the reasons that follow, the Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED**.

## I. BACKGROUND

On June 20, 2013, Great Meadow was on lock-down to conduct a facility-wide search due to an assault on staff the previous day. *See* Dkt. No. 66-3, Pl.'s Exs. at p. 15.[1] Staff were directed to conduct frisk searches in A1 Company, where Plaintiff's cell was located. Dkt. No. 80-3, Robert Lowry Decl., dated Apr. 19, 2016, at ¶ 9. When the officers searched Plaintiff, the hand-held scanner they were using activated at Plaintiff's waist. *Id.* Plaintiff was accordingly escorted by Defendant Lemery to the sergeant's interview room for a strip frisk search. *Id.*; Dkt. No. 80-4, Timothy Lemery Decl., dated Apr. 19, 2016, at ¶ 7. When they arrived at the room, Lemery asked Plaintiff if he had any contraband, which Plaintiff answered negatively. *Id.* at ¶ 8. Defendant Lowry was present in the interview room to observe the strip frisk. Lowry Decl. at ¶ 11. Lemery then performed a pat frisk of Plaintiff, which did not reveal any contraband, and removed Plaintiff's wrist restraints. Lemery Decl. at ¶ 9. Immediately upon removing the wrist restraints, Lemery states that Plaintiff "plunged his right hand into the waistband of his pants." *Id.* at ¶ 10. Lemery then used force to "prevent [Plaintiff] from retrieving a possible weapon from his waist area and to prevent an attempted assault." *Id.* at ¶ 11.

The parties offer differing accounts of the of the use of force incident. Plaintiff claims that he was escorted to the sergeant's interview room with the intention "to cause him serious physical harm" and states that he "at no time attempted to fight or physically assault any staff member." Dkt.

---

[1] Citations to Plaintiff's Exhibits are to the pagination assigned by Plaintiff.

No. 72, Pl.'s Rule 7.1 Statement of Material Facts ("SMF") at ¶¶ 7 & 10. Defendants, on the other hand, claim that Plaintiff "violently struggled" and their use of force was "reasonable" in order to restrain Plaintiff. *See* Lemery Decl. at ¶¶ 13-15; Dkt. No. 80-5, Kory Copeland Decl., dated Apr. 19, 2016, at ¶¶ 9-10; Dkt. No. 80-6, Sean Baxter Decl., dated Apr. 19, 2016, at ¶¶ 9-10. Initially, Defendant Lemery "grabbed [P]laintiff's upper back area with [his] left hand and used [his] right hand/forearm on the back of [Plaintiff's] head to force him face first against the wall." Lemery Decl. at ¶ 12. Plaintiff "struggle[d] violently by punching, kicking, and trying to head butt [Lemery]." *Id.* at ¶ 13. Lemery then forced Plaintiff face first to the ground and landed on top of him, as Plaintiff continued to struggle by punching and kicking. *Id.* at ¶¶ 14-15. Defendant Baxter, responding to a call for assistance over the radio, arrived and saw Plaintiff attempting to stand up, as he was struggling on the floor with Lemery. Baxter Decl. at ¶ 9. Baxter wrapped his arms around Plaintiff's legs and pulled backwards, causing Plaintiff to fall face first into the floor again. *Id.* at ¶ 10. Defendant Copeland then arrived and observed Plaintiff continuing to struggle with Lemery and Baxter and attempting to stand up. Copeland Decl. at ¶ 9. Copeland approached Plaintiff on his right and drove his right foot into Plaintiff's upper back, preventing Plaintiff from getting to his feet. *Id.* at ¶ 10. Baxter was then able to re-apply Plaintiff's wrist restraints and the use of force incident ended. Baxter Decl. at ¶ 11; Lemery Decl. at ¶ 16. A weapon, a sharpened half of a tweezer, was recovered from the floor where Plaintiff had fallen during the incident. Lowry Decl. at ¶ 13; Pl.'s Exs. at p. 12.

Following the use of force incident, Plaintiff was treated at an outside hospital for contusions to his face, head, back, shoulders, and upper chest. Pl.'s Exs. at pp. 6 & 18. Plaintiff alleges that he suffered scarring to his face, a severe injury to his right eye, and difficulty breathing. Am.

Compl. at ¶¶ 20-22. Defendant Copeland complained of pain in his right shoulder and Defendant Baxter complained of pain in his left arm, right hand, and left knee. Pl.'s Exs. at p. 18. Defendant Lemery denied suffering any injuries. *Id.* Two inmate misbehavior reports were filed against Plaintiff, one charging him with possession of a weapon, and the other charging him with attempting to inflict bodily harm on a staff member and violation of the frisk procedures. Copeland Decl., Ex. A; Lemery Decl., Ex. A. Plaintiff was found guilty of possession of a weapon and violation of the frisk procedures, but not guilty of attempting to assault staff. Dkt. No. 81, Pl.'s Reply, Ex.

On August 2, 2013, Plaintiff filed Grievance No. GM-56014-13 regarding the incident, which was subsequently denied by the Superintendent of Great Meadow and the Central Office Review Committee ("CORC"). Pl.'s Exs. at pp. 25-29. Plaintiff also filed an appeal of the Tier III disciplinary hearing on the misbehavior reports in New York Supreme Court, Appellate Division, Third Department, pursuant to Article 78 of the N.Y. Civil Practice Law and Rules ("CPLR"). *Id.* at pp. 51-52. The Third Department affirmed the determinations of the hearing officer. *Id.*

## II. SUMMARY JUDGMENT STANDARD

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the

facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

### A. Excessive Force Legal Standard

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)). In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court clarified the standards for determining whether an Eighth Amendment violation occurred in the context of excessive force. Specifically, the Court stated that, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6-7 (quoted in *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994)). To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) objectively, that the defendant's actions violated "contemporary standards of decency," and (2) subjectively, that the defendant acted wantonly and in bad faith. *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999).

The inmate must establish that the conduct alleged is "sufficiently serious" to reach constitutional dimensions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This inquiry is "context specific, turning upon contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d at 263. Regarding the objective element, "a *de minimis* use of force will rarely suffice to state a constitutional claim[.]" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). In that respect, "[n]ot every push or shove, even if it may later seem

unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). However, the malicious use of force to cause harm constitutes an Eighth Amendment violation *per se* because in such instances "contemporary standards of decency always are violated" regardless of whether a "significant injury" is apparent. *Blyden v. Mancusi*, 186 F.3d at 263 (citing *Hudson v. McMillian*, 503 U.S. at 9). For example, "when a prison guard applies force against a prisoner that poses no reasonable threat simply because the guard loses his or her temper and wishes to wantonly inflict pain on the prisoner, a per se violation of the Eighth Amendment occurs." *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 216 (N.D.N.Y. 2001).

In assessing the objective component, the court should consider the seriousness of the injury, however, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury;" thus, "the seriousness of the injury is relevant to the Eight Amendment inquiry, but does not end it." *Davidson v. Flynn*, 32 F.3d 27, 29-30 & n.1 (2d Cir. 1994) (alterations in original) (quoting *Hudson v. McMillian*, 503 U.S. at 4).

With regard to the subjective component, a court should consider whether the defendant had a wanton state of mind when engaging in the alleged misconduct. To determine whether a defendant acted wantonly or maliciously, several factors should be examined, including

> the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by defendants to temper the severity of a forceful response.

*Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *see also Hudson v. McMillian*, 503 U.S. at 7. When prison officials are accused of using excessive force, "the core judicial inquiry is . . . whether

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. at 320-21). Where "no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may . . . be sufficient evidence of a culpable state of mind." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997).

**B. Analysis**

In his Motion, Plaintiff argues that he has alleged that Defendants Lemery, Kopeland, and Baxter maliciously used force against him to cause harm and that there are no disputed issues of material fact that would prevent summary judgment in his favor. *See* Dkt. No. 66-2, Pl.'s Mem. Law at pp. 6-7; Pl.'s Reply at pp. 5-6. Defendants, in response, argue that their use of force against Plaintiff was reasonable because they believed Plaintiff was attempting to retrieve a potential weapon from his waist band and Plaintiff violently struggled when they attempted to restrain him. Dkt. No. 80-2, Defs.' Mem. of Law at p. 4. Plaintiff, as recounted above, denies that he violently struggled and claims that there is no evidence that he attempted to punch, kick, or headbutt Defendants. Pl.'s Reply at p. 5.

The parties therefore offer materially different accounts of the incident which preclude the entry of summary judgment. Specifically, the parties' contentions create a disputed issue of material fact at the subjective prong of the Eighth Amendment claim as to whether Defendants applied force to Plaintiff "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 7. A reasonable jury could credit Defendants' version of the facts that Plaintiff was violently struggling and that Defendants applied the force necessary to restrain him. The Court cannot appropriately resolve these credibility issues on a

motion for summary judgment. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of events are matters for the jury, not for the court on summary judgment."); *see also Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2011) (denying inmate plaintiff's motion for summary judgment on excessive force claim where the defendant correctional officer claimed that the inmate attempted to strike him and the application of force was necessary). Accordingly, Plaintiff has not demonstrated that he is entitled to summary judgment on his excessive force claim against Defendants Lemery, Baxter, and Copeland.

Plaintiff also asserts a claim against Defendant Lowry, who did not apply force against Plaintiff, but who was present throughout the incident. Am. Compl. at ¶¶ 19 & 23. Plaintiff claims that Lowry failed to intervene and prevent the assault against Plaintiff. *Id.* "Law enforcement officials can be held liable under § 1983 for not intervening in a situation where another officer is violating an inmate's constitutional rights." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 342 (S.D.N.Y. 2010) (citing *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)). In order to establish liability for failure to prevent another officer from a committing a constitutional violation a plaintiff must show that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer d[id] not take reasonable steps to intervene." *Id.*

Defendant Lowry admits that he was present in the interview room throughout the incident, but denies that any of the Defendants used excessive force against Plaintiff. Lowry Decl. at ¶¶ 11 & 14. Although it appears that Lowry had a reasonable opportunity to intervene based on the

duration of the incident and the fact that Defendants Baxter and Copeland were able to respond, *see Tafari v. McCarthy*, 714 F. Supp. 2d at 362-63, there are disputed issues of material fact as to (1) whether Plaintiff's constitutional rights were violated and (2) whether a reasonable person in Lowry's position would have known that Plaintiff's rights were being violated. Therefore, Plaintiff has not demonstrated that he is entitled to summary judgment on his failure to intervene claim against Defendant Lowry.

Based on the foregoing, the Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 66) be **DENIED**; and it is further

**RECOMMENDED**, that if the above recommendation is accepted, that this action be deemed trial ready; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 2, 2016
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge