UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTTIE MORRISON,

                      Plaintiff,

v.                                                      9:14-CV-0800
                                                      (GTS/DJS)

ROBERT LOWRY, Corr. Sergeant, Great Meadow
Corr. Facility; T. LEMERY, Corr. Officer, Great
Meadow Corr. Facility; K. COPELAND, Corr. Officer,
Great Meadow Corr. Facility; and S. BAXTER, Corr.
Officer, Great Meadow Corr. Facility,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

SCOTTIE MORRISON, 99-A-0470
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN                  LOUIS JIM, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Scottie

Morrison ("Plaintiff") against the four above-captioned employees of the New York State

Department of Corrections and Community Supervision at Great Meadow Correctional Facility

("Defendants"), are Plaintiff's motion for summary judgment and United States Magistrate

Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's motion be

denied and that this action be deemed trial ready. (Dkt. Nos. 66, 83.) None of the parties have filed objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; and Plaintiff's motion is denied and this action is deemed trial ready.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 83) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference will be scheduled with counsel only, at which time the Court will schedule for trial Plaintiff's Eighth

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

2

Amendment excessive force claims against Defendants Timothy Lemery, Sean Baxter and Kory Copeland, and a claim for failure to intervene against Defendant Robert Lowry.  The parties are directed to appear at the final pretrial conference with settlement authority.

Dated: September 23, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge